I concur in the holding that the contestant presented substantial evidence of undue influence, and I agree that the judgment of the Court of Civil Appeals must be reversed and this case remanded for a new trial.
The main opinion also holds, however, that the contestant failed to present substantial evidence indicating that Mary Fincher lacked testamentary capacity when she executed the 1982 will. I disagree. There was evidence that before September 24, 1979, Mary Fincher had suffered from "advanced arterial sclerotic brain disease." After hospitalization in 1980, she was found to be suffering from "chronic cerebrovascular insufficiency with repeated transient ischemic attack and brain damage with total confusion and incompetence." There was evidence that when Mary Fincher executed her will, she did not know who several of her family members were, even though those family members were frequent visitors. There was evidence that she said that only one of her grandsons, Buster, was married, and that she specifically said that the others were not married, although her grandson John Baker, Jr., was married and had two children. This evidence was properly submitted to the jury on the issue of testamentary capacity. Smith v. Vice,641 So.2d 785, 786 (Ala. 1994).